RILEY v. POPE et al.

(District Court, S. D. Georgia, W. D. April 24, 1911.)

**1. BANKRUPTCY (§ 345*)—SPECIAL DEPOSITS—RIGHTS OF CREDITOR.**
   An alleged special deposit made with the bankrupt, a mercantile concern, constituted either a loan or an investment in the business, and, unless secured by a mortgage or other instrument giving a lien to the depositor or creditor, constituted a personal debt, to be settled in accordance with the claims of general creditors.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 345.*]

**2. BANKRUPTCY (§ 384*)—COMPOSITION—CONFIRMATION.**
   Civ. Code Ga. 1895, § 1856, provides that persons who organize a corporation and transact business in its name before the minimum capital stock has been subscribed for are liable to creditors to make good the minimum capital stock, with interest; and section 1890 provides that such individual liability shall be an asset of the corporation, to be enforced by the assignee, receiver, or other officer having the legal right to collect, marshal, and distribute the assets of the failed corporation. The bankrupt, a corporation doing a large business, suffered a fire loss, in which $62,000 worth of goods were destroyed. There was $52,000 of insurance, but by adjustment, "due to bad management," the insurance claim was settled for $25,000, and $12,000 of this was at once appropriated to settle a debt alleged to be due one of the relatives of a member of the concern as a "special deposit," but who was at most only a general creditor. The corporation's trustee in bankruptcy was only able to secure about $800 with which to pay an indebtedness of $25,000, whereupon suit was instituted to enforce the liability of stockholders, some of whom were able to respond. *Held*, that a composition proposing to pay $12,500 for the benefit of creditors in settlement of the bankruptcy proceeding would not be confirmed.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 384.*]

In Equity. Suit by D. H. Riley, as trustee of the Jackson Stores, bankrupt, against one Pope and others, to enforce stockholders' liability. On application to confirm a compromise agreement. Confirmation of composition in bankruptcy denied.

Talley & Heyward, for trustee.
John R. L. Smith, for objecting creditors.
Mr. Williams, for defendants.

SPEER, District Judge (orally). [1] There is a great deal more involved in this case than the amount of money the trustee can get in hand by the proposed compromise. So far as the facts have been disclosed by the statements of counsel, and we have had nothing else here, this is an exceedingly ugly failure. Sixty-two thousand dollars worth of goods were in the Jackson Stores. They were destroyed by fire. There was $52,000 worth of insurance, which, so far as anything appears to the contrary, must have been held valid in any court of competent jurisdiction. Allowing, therefore, for the usual deterioration of such stocks, the insurance must have practically covered the loss. By some adjustment, which counsel for the Jackson Stores states may have resulted from "bad management," this $52,000 of insurance was settled for $25,000.

A large amount of that sum—$12,000 I gather, but I am not sure about the figures—was at once appropriated to settle a debt alleged to be due to one of the relatives of some member of the concern. This, it is stated, had been "deposited" with the concern as a special deposit. It does not appear that the Jackson Stores was a bank, and this sum must have been either loaned or invested in the business, and unless it had been secured by a mortgage or other instrument which gave a lien to the depositor or creditor, whoever he or she may be, it was a personal debt, and ought to have been settled, like the claims of other general creditors, on the pro rata distribution of the bankruptcy assets.

[2] Of the $25,000 insurance, and of all the other values of this large and apparently prosperous trading corporation, the trustee was enabled to lay his hands only on $800. This find was supplemented by a wagon and a mule. The indebtedness of the concern is about $25,000. It appears that the principal, Jackson, has gone through bankruptcy three times, or some other large number of times. Now it is proposed to settle all of the indebtedness by the payment of $12,500. This would seem a profitable transaction for the bankrupt corporation, or those behind it. There are proceedings, apparently formidable, which may collect a much larger sum. There is one suit pending by the trustee in the superior court of Laurens county to recover the personal indebtedness to the bankrupt corporation due by all of the stockholders of this concern. This is brought under the Georgia statute, which makes the stockholders liable when they have not paid in their stock subscriptions before they enter upon the business.

Section 1856, Code of Georgia of 1895, provides:

"Persons who organize a company and transact business in its name before the minimum capital stock has been subscribed for are liable to creditors to make good the minimum capital stock with interest."

Section 1890 provides:

"Such individual liability shall be an asset of such corporation, to be enforced by the assignee, receiver, or other officer having the legal right to collect, marshal, and distribute the assets of such failed corporation."

Besides, the various claims and the conduct of the parties have not been passed upon by the referee in bankruptcy. It is proposed to stop the recovery of the bankruptcy assets, and close the inquiry so far as the bankrupts are concerned, by the payment of $12,500, which is to be regarded as all of the estate to be distributed among creditors. The court cannot for a moment tolerate the thought of giving its approval to a proceeding of this character. To disapprove it may be worth much more to the business integrity of the community than the whole value of the $12,500 could be to the creditors who would share it. The court will have nothing to do with a "compromise" like this. The creditors may lose. It is better for them to do so than for the court to sanction a settlement with such features, and to make a precedent of such a damaging character. But they may not lose. One of the defendants alleged to be re-

sponsible is conceded by counsel for the defendants to own property in excess of $100,000. There are others whose accumulations will be diligently regarded by the appropriate officers of the bankruptcy court.

Taking the case altogether, whether we consider the interests of the creditors here, or the interest of the business community, or the public policy which should direct the action of courts in such cases, I must dissapprove the compromise, and direct that the litigation proceed unless something is offered, and supported by evidence, which is more in consonance with the principles of mercantile integrity which this court, we hope, ever bears in mind.